**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CHRISTOPHER JAMES WILSON,**

      **Plaintiff,**

    **v.**                           **CIVIL NO. 2:25-CV-01**
                                                  **(KLEEH)**

**PAMELA BONDI,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
IN PART [ECF NO. 63], REJECTING IT IN PART, AND REFERRING MATTER
TO MAGISTRATE JUDGE**

On January 3, 2025, the <u>pro se</u> Plaintiff, Christopher Wilson ("Plaintiff"), filed a complaint against numerous defendants. <u>See</u> ECF No. 1.  Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") for initial review. <u>See</u> ECF No. 5.  Plaintiff filed an amended complaint and a second amended complaint. <u>See</u> ECF Nos. 24, 47.  He brings discrimination claims against Defendant Pamela Bondi ("Defendant"), in her official capacity as the Attorney General of the United States, relating to his employment with the Bureau of Prisons ("BOP").[1]  On May 7, 2025, Defendant filed a motion to dismiss. <u>See</u> ECF Nos. 49, 50. On August 19, 2025, the Magistrate Judge entered a Report and

---

[1] Plaintiff states that he has consolidated his claims against the "head of the Department as the proper defendant."  Second Am. Compl., ECF No. 47, at ¶ 5.

WILSON V. BONDI                                                    2:25-CV-01

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 63], REJECTING IT IN PART, AND REFERRING MATTER TO MAGISTRATE JUDGE**

Recommendation ("R&R") recommending that the Court grant the motion to dismiss and dismiss the second amended complaint without prejudice. See ECF No. 63.

## I.    BACKGROUND

Plaintiff is a white male who has been employed by the BOP since 2008. See Second Am. Compl., ECF No. 47, at ¶ 3. In the second amended complaint, he alleges that he experienced discrimination, retaliation, and a hostile work environment. Specifically, he alleges that he applied for five supervisory positions at FCI Gilmer and FCI Morgantown and that he was not selected for them, despite his superior qualifications and extensive BOP experience. See id. ¶¶ 6-9. Plaintiff lists the positions:

    (1)   Recreation Supervisor – Vacancy Announcement MXR-2022-0282 at FCI Gilmer ("Position #1);

    (2)   Recreation Supervisor – Vacancy Announcement MXR-2023-0158 at FCI Gilmer ("Position #2);

    (3)   Recreation Supervisor – Vacancy Announcement MXR-2023-0065 at FCI Morgantown ("Position #3);

    (4)   Correctional Counselor – Vacancy Announcement GIL-2023-0026 ("Position #4"); and

    (5)   Correctional Counselor – Vacancy Announcement GIL-2023-0055 at FCI Gilmer

**WILSON V. BONDI**                                                    **2:25-CV-01**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 63], REJECTING IT IN PART, AND REFERRING MATTER TO MAGISTRATE JUDGE**

("Position #5").

Id. at ¶ 8.  Plaintiff asserts that "Diversity, Equity, and Inclusion" policies at the BOP "unduly influenced promotion decisions."  See id. ¶¶ 10, 14.

## II.  REPORT AND RECOMMENDATION AND OBJECTIONS

The R&R informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection."  R&R, ECF No. 63, at 13.  It further warned them that the "[f]ailure to timely file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals."  Id.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made.  28 U.S.C. § 636(b)(1)(C).  Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections.  Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)).  Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous.  See Diamond v. Colonial

**WILSON V. BONDI**                                                      **2:25-CV-01**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 63], REJECTING IT IN PART, AND REFERRING MATTER TO MAGISTRATE JUDGE**

Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff has filed numerous documents since the R&R was entered. Out of an abundance of caution, the Court will conduct a de novo review of the R&R.

### III. DISCUSSION

**A.    Count One – Racial Discrimination (Disparate Treatment)**

Title VII of the Civil Rights Act of 1964 prohibits "discriminat[ion] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1). To state a prima facie case of racial discrimination by disparate treatment, a plaintiff must establish "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." Sanders v. Tikras Tech. Sol. Corp., 725 F. App'x 228, 230 (4th Cir. 2018) (citation omitted). The Supreme Court has found that the standard for proving disparate treatment under Title VII does not vary based on whether or not the plaintiff is a member of a majority group. See Griggs v. Duke Power Co., 401 U.S. 424, 431 (1971) ("Discriminatory preference for any group, minority or majority, is precisely and only what Congress has proscribed.").

WILSON V. BONDI                                          2:25-CV-01

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 63], REJECTING IT IN PART, AND REFERRING MATTER TO MAGISTRATE JUDGE**

Here, as to the first element, Plaintiff has sufficiently pled that he is a member of a protected class.  Although he is white, he is pleading that he has been subjected to discrimination based on his race.  Second, he has sufficiently pled that he has performed his job in a satisfactory way.  Third, he has sufficiently pled that he was subjected to an adverse employment action when the BOP did not hire him for five positions.  The only element at issue is the fourth element: whether he has sufficiently pled that he was treated differently from similarly situated employees outside the protected class.

With respect to the fourth element, Plaintiff alleges that Position #3, Position #4, and Position #5 were filled by white individuals.  Second Am. Compl., ECF No. 47, at ¶ 20.  Accordingly, those adverse employment actions cannot form the basis of a racial discrimination claim.  With respect to Position #1, Plaintiff asserts that David Russell ("Russell"), who is biracial, also applied and was deemed "unqualified" in a subsequent posting.  Id. ¶ 14.  When the previous Recreation Supervisor retired, Russell was placed in an "acting" supervisor role.  Id. ¶ 15.  This appointment, Plaintiff argues, bolstered Russell's qualifications.  Id.  Liberally construing the second amended complaint, the Court finds that Plaintiff sufficiently pleads that Russell was selected

**WILSON V. BONDI**                                                    **2:25-CV-01**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 63], REJECTING IT IN PART, AND REFERRING MATTER TO MAGISTRATE JUDGE**

for Position #1 even though he was less qualified than Plaintiff. Accordingly, the Court finds that Count One is sufficiently pled with respect to Position #1.

As for Position #2, Plaintiff has not sufficiently pled that the role was filled with someone outside of his protected class. Aside from Russell, Plaintiff does not identify any specific individuals who are members of other races. Plaintiff makes generalized complaints about the BOP's incorporation of diversity, equity, and inclusion policies, as well as the "tainted" selection process for open positions. As pled, with respect to Count One, Plaintiff has only raised his right to relief above the speculative level with respect to Position #1. The motion to dismiss Count One is granted in part and denied in part. The motion is denied with respect to Position #1 but granted with respect to the other positions. The R&R is, therefore, adopted in part and rejected in part with respect to Count One.

### B.   Count Two – Retaliation

Title VII also prohibits unlawful retaliation. It prevents an employer from "discriminat[ing] against any of its employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice . . . , or because he has . . . participated in any manner in an investigation" under

6

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 63], REJECTING IT IN PART, AND REFERRING MATTER TO MAGISTRATE JUDGE**

Title VII.  42 U.S.C. § 2000e-3(a).  To state a prima facie case of retaliation, a plaintiff must establish "(1) that []he engaged in protective activity, (2) that [his] employer took adverse action against [him], and (3) that a causal relationship existed between the protected activity and the adverse employment activity. Sanders, 725 F. App'x at 230 (citation omitted and numbering changed).  "In the context of element one of a retaliation claim, an employee is protected when []he opposes not only employment actions actually unlawful under Title VII but also employment actions []he reasonably believes to be unlawful."  Id. (citation omitted).  "However, opposition activity is only protected if an employee's subjective belief is objectively reasonable in light of the facts."  Id. (citation and internal quotation marks omitted). With respect to the second element, "the challenged action well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."  Burlington N. v. Stana Fe Ry. Co. v. White, 548 U.S. 53, 54 (2006) (citation and internal quotation marks omitted).

Here, Plaintiff asserts that he engaged in protected activity in 2016, 2019, and February 2023, precipitating retaliatory actions by the BOP.  Second Am. Compl., ECF No. 47, at ¶ 25. Specifically, Plaintiff states that the retaliatory actions

WILSON V. BONDI                                                    2:25-CV-01

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
IN PART [ECF NO. 63], REJECTING IT IN PART, AND REFERRING MATTER
TO MAGISTRATE JUDGE**

included "shift changes almost weekly"; reassignment to "less desirable posts such as housing units on varying shifts . . . [d]espite being a bus-certified operator and assigned to Medical Escorts"; and frequent selection "to provide coverage on the medical bus." Id. Most importantly, Plaintiff also asserts that on May 21, 2023, he learned that he was not selected for Position #2; on May 22, 2023, he learned that he was not selected for Position #3; on June 20, 2023, he learned that he was not selected for Position #4; and on December 12, 2023, he learned that he was not selected for Position #5. Id. ¶ 26. Finally, he asserts that the BOP retaliated against him by "withholding . . . his performance evaluation"; by "manipulati[ng] and omi[tting] . . . favorable reference checks"; by reassigning his shift without justification; and by altering his work schedule. Id. ¶ 31. Plaintiff has also alleged that a coworker told him that he is "often scared to work with Plaintiff because he feels that the executive staff at FCI Gilmer would target him for working with . . . [him] due to his engagement in protected activities." Id. ¶ 23a.

After reviewing the second amended complaint, the Court finds that the retaliation claim is sufficiently pled. At this stage, at a minimum, the assertion that Plaintiff was not selected for

**WILSON V. BONDI**                                                    **2:25-CV-01**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 63], REJECTING IT IN PART, AND REFERRING MATTER TO MAGISTRATE JUDGE**

positions within a few months of his bringing claims with the EEOC is sufficient to state a claim of retaliation.  It is premature to find that no causal connection exists.  The allegations in the second amended complaint raise Plaintiff's right to relief above the speculative level.  The motion to dismiss is denied with respect to Count Two, and the R&R is rejected with respect to Count Two.

**C.    Count Three – Hostile Work Environment**

Before bringing a claim under Title VII, an employee must first exhaust his available administrative remedies.  Campbell v. Geren, No. 09-1764, 2009 WL 4250582, at *2 (4th Cir. 2009) (unpublished) (citation omitted).  "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit."  Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005) (citation omitted).  Here, the record indicates that Plaintiff did not raise a hostile work environment claim before the EEOC, and the Court finds that the claim is not reasonably related to the claims raised.  His failure to exhaust his claim deprives this Court of subject matter jurisdiction over

WILSON V. BONDI                                                    2:25-CV-01

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 63], REJECTING IT IN PART, AND REFERRING MATTER TO MAGISTRATE JUDGE**

the claim.  See Davis v. N.C. Dep't of Corr., 48 F.3d 134, 138-40 (4th Cir. 1995).

Even if Plaintiff had exhausted his hostile work environment claim, it would fail as a matter of law.  To succeed in pursuing a claim of hostile work environment, a plaintiff must show that the harassment was "sufficiently severe or pervasive . . . to alter the conditions of . . . employment and create an abusive or hostile atmosphere."  See Perkins v. Int'l Paper Co., 936 F.3d 196, 208 (4th Cir. 2019) (citation omitted).  The Fourth Circuit has described how "severe or pervasive" should be assessed under Title VII:

> In determining whether the harassment alleged was sufficiently severe or pervasive, we must "look[] at all the circumstances," including the "frequency of the discriminatory conduct; its severity; whether it [was] physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interfere[d] with [the] employee's work performance."  Harris, 510 U.S. at 23, 114 S.Ct. 367.

Parker v. Reema Consulting Servs., Inc., 915 F.3d 297, 304 (4th Cir. 2019) (citation omitted).

Upon review of the second amended complaint, the Court agrees with the Magistrate Judge that Plaintiff has not sufficiently pled facts to support Count Three.  See Twombly, 550 U.S. at 545.

**WILSON V. BONDI**                                                    **2:25-CV-01**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 63], REJECTING IT IN PART, AND REFERRING MATTER TO MAGISTRATE JUDGE**

Accordingly, the Court grants the motion to dismiss with respect to Count Three and adopts the R&R with respect to Count Three.

## IV.  CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

- The R&R is **ADOPTED IN PART** and **REJECTED IN PART** [ECF No. 63];

- The motion to dismiss the second amended complaint is **GRANTED IN PART** and **DENIED IN PART** [ECF No. 49];

- Count One is **DISMISSED WITH PREJUDICE IN PART** for failure to state a claim;

- Count One is **DISMISSED** with respect to Position #2, Position #3, Position #4, and Position #5;

- Count One is not dismissed with respect to Position #1;

- Count Two is not dismissed;

- Count Three is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction;

- The original motion to dismiss is **DENIED AS MOOT** [ECF No. 36];

- Finding no good cause to grant Plaintiff's motions to supplement the record or file a third amended complaint, the remaining pending motions are **DENIED** [ECF Nos. 65, 67, 71, 75, 77];

- The case shall proceed on the second amended complaint;

WILSON V. BONDI                                                                    2:25-CV-01

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 63], REJECTING IT IN PART, AND REFERRING MATTER TO MAGISTRATE JUDGE**

- The Clerk is **DIRECTED** to **TERMINATE** all defendants except Attorney General Pam Bondi; and

- The case is again **REFERRED** to the Magistrate Judge to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record via email and the pro se Plaintiff via certified mail, return receipt requested, at the last known address as shown on the docket.

DATED: March 31, 2026

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

12